# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA**

    vs.                            Case No. 2:13-cr-0083
                                    Judge George C. Smith
                                    Magistrate Judge Elizabeth P. Deavers

**PAUL A. DILLE,**

    **Defendant.**

## ORDER

This matter came before the Court for a bond revocation hearing on May 15, 2013. Defendant stipulated to certain violations of the conditions of his release.

As the record in this case reveals, Defendant appeared before the Court for his initial appearance on April 9, 2013 and was ordered released on his own recognizance under Pretrial Services supervision, after location monitoring was established, with various conditions of release. On May 14, 2013, the United States Probation Officer submitted a bond violation report to advise the Court of Defendant's use of illicit substances.

Pursuant to 18 U.S.C. § 3148, a person who has been released on bond under 18 U.S.C. § 3142 and has violated a condition of his or her release is subject to having bond revoked. Section 3148(b) provides as follows:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer–
>
>     (1)    finds that there is--
>
>     (A)    probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>
>     (B)    clear and convincing evidence that the person has violated

> > any other condition of release; and
>
> (2) finds that--
>
> > (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> >
> > (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. . . .

18 U.S.C. § 3148(b).

Just prior to his arrest in April, Defendant completed a 15-day program at an in-patient drug rehabilitation center. Since his release from detention on April 15, 2013 following his arrest and commencement of pretrial supervision, the United States Pretrial Services Office has had significant contact with Defendant. Less than a month after his release, on May 7, 2013 submitted to random drug testing which ultimately returned as positive for morphine. On May 8, 2013, Defendant notified his Pretrial Services Officer that he had snorted heroin on May 4, 2013. On May 10, 2013, testing revealed the use of opiates. On May 13, 2013 reported that he again used heroin and his test results revealed the presence of opiates and methamphetamine. On May 14, 2013, Defendant reported to his counselor at Maryhaven that he had again used heroin after reporting to Pretrial Services the day before.

In light of these apparent violations of the conditions of his release by using illicit drugs, the Pretrial Services Officer petitioned the Court to issue a warrant for Defendant's arrest to appear and show cause why bond should not be revoked. On May 15, 2013, the Court held the initial show cause hearing at which point Defendant, through counsel, conceded the violations but requested in-

patient treatment in lieu of detention. Because he had admitted use of heroin less than 24 hours before the hearing, the Court initially found by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community and ordered Defendant detained. The Court indicated that it may reconsider its position at the change of plea hearing, which it scheduled for May 21, 2013.

The Court formally concludes that there is probable cause to believe Defendant has committed a State crime by virtue of the fact that Defendant admitted to the use of illicit drugs. The Court further concludes that there is no condition or combination of conditions of release that will assure Defendant will not pose a danger to the safety of any other person or the community. The Court declines to order in-patient treatment as a condition of release because Defendant only recently completed an intensive in-patient treatment program, apparently to no avail. In all events, the Court finds that the condition of in-patient treatment would not adequately protect the community from the dangers associated with Defendant's use of illegal narcotics.

**IT IS THEREFORE ORDERED** that the bond previously set in this matter is **REVOKED** and that Defendant be detained pending sentencing in this matter.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　 /s/ *Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　　　　　**ELIZABETH A. PRESTON DEAVERS**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

Date: June 3, 2013